**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| Kimberly Lyons, | No. CV-17-01565-PHX-DLR |
|---|---|
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Kimberly Lyons applied for a period of disability and disability insurance benefits, alleging disability beginning April 1, 2012. After state agency denials, Lyons appeared for a hearing before an administrative law judge ("ALJ"). A vocational expert ("VE") also was present and testified. Following the hearing, the ALJ issued a written decision finding that Lyons was not disabled within the meaning of the Social Security Act ("SSA"). The ALJ's decision became the agency's final decision after the Social Security Administration Appeals Council denied Lyons' request for review. Lyons now seeks judicial review of that decision. For the following reasons, the decision of the Commissioner of Social Security Administration is reversed and this matter remanded for further proceedings.

**I. Background**

To determine whether a claimant is disabled for purposes of the SSA, the ALJ follows a five-step process. 20 C.F.R. § 404.1520(a). The claimant bears the burden of

proof on the first four steps, but at step five, the burden shifts to the Commissioner. *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999). At the first step, the ALJ determines whether the claimant is engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(i). If so, the claimant is not disabled and the inquiry ends. At step two, the ALJ determines whether the claimant has a "severe" medically determinable physical or mental impairment. § 404.1520(a)(4)(ii). If not, the claimant is not disabled and the inquiry ends. At step three, the ALJ considers whether the claimant's impairment or combination of impairments meets or medically equals an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. § 404.1520(a)(4)(iii). If so, the claimant is automatically found to be disabled. If not, the ALJ goes to step four. At step four, the ALJ assesses the claimant's residual functional capacity ("RFC") and determines whether the claimant is still capable of performing past relevant work. § 404.1520(a)(4)(iv). If so, the claimant is not disabled and the inquiry ends. If not, the ALJ goes to the fifth and final step, when she determines whether the claimant can perform any other work based on the claimant's RFC, age, education, and work experience. § 404.1520(a)(4)(v). If so, the claimant is not disabled. If not, the claimant is disabled.

At step one, the ALJ determined that Lyons meets the insured status requirements of the SSA through March 31, 2018, and has not engaged in substantial gainful activity since her alleged disability onset date. (A.R. 43.) The ALJ found at step two that Lyons' seizure disorder, anxiety disorder, posttraumatic stress disorder, attention-deficit/hyperactivity disorder, and major depressive disorder are severe impairments, but concluded at step three that they do not meet or medically equal the severity of an impairment listed in Appendix 1 to Subpart P of 20 C.F.R. Pt. 404. (*Id.* at 43-44.) At step four, the ALJ found that Lyons has the RFC to perform

> a full range of work at all exertional levels but with the following nonexertional limitations: she must avoid moderate exposure to hazards including unprotected heights and moving machinery. She is unable to perform jobs that primarily consist of driving. She can understand, remember, and carry out simple instructions and perform simple, routine, and repetitive tasks. She can tolerate occasional changes in the work setting. Socially, she can tolerate occasional

> superficial interaction with coworkers, occasional direct and concrete supervision, occasional indirect public contact, and no contact with crowds.

(*Id.* at 45.) Based on this RFC, the ALJ found that Lyons is unable to perform her past relevant work as a public relations representative and marketing director. (*Id.* at 49.) At step five, however, after considering Lyons' age, education, work experience, and RFC, the ALJ concluded that there are jobs that exist in significant numbers in the national economy that Lyons can perform. (*Id.* at 49-50.) Thus, the ALJ found that Lyons is not disabled within the meaning of the SSA. (*Id.* at 50.)

## II. Standard of Review

It is not the district court's role to review the ALJ's decision de novo or otherwise determine whether the claimant is disabled. Rather, the court is limited to reviewing the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a scintilla, less than a preponderance, and relevant evidence that a reasonable person might accept as adequate to support a conclusion considering the record as a whole. *Id.* As a general rule, "[w]here the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). The court, however, "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn*, 495 F.3d at 630 (internal quotations and citation omitted). Nor may the court "affirm the ALJ on a ground upon which he did not rely." *Id.*

## III. Discussion

Lyons challenges only step five of the ALJ's determination, arguing that the ALJ committed reversible error by finding (1) 50,789 Used Car Lot Porter ("UCLP") jobs nationwide despite the VE's testimony that 15,789 jobs are available and (2) Lyons is capable of working as a Microfilm Document Preparer ("MDP") even though the demands of that job conflict with her RFC. The Commissioner concedes both errors, but

argues that the errors are harmless because they were "inconsequential to the ultimate nondisability determination." (Doc. 13 at 3.)

As to the first error, the Commissioner argues that the discrepancy between the ALJ's decision and the VE's testimony is likely a typographical error, but in any event is harmless because 15,789 is a significant number of jobs. The Commissioner bears the burden at step five of proving that there are "significant numbers" of alternative jobs available for the claimant in light of her residual functional capacity. 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1512(b)(3). Here, the evidence shows that 15,789 UCLP jobs exist in the national economy, but the ALJ made no finding as to whether 15,789 is a significant number. The ALJ's inaccurate reference to 50,789 jobs possibly is a typographical error, but the Court cannot be certain on a paper record and, critically, this step in the sequential evaluation process is one at which the Commissioner bears the burden of proof. Nor is the Court confident, without an express finding by the ALJ, that 15,789 nationwide jobs are "significant" as a matter of law. Although the Ninth Circuit has found that 25,000 jobs nationally constitute a significant number, *see Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014), nearly 10,000 fewer jobs are at issue here.[1] Under the circumstances, the Court concludes that the wiser course of action is to permit the ALJ in the first instance to weigh in on whether 15,789 is a significant number of jobs.

As to the second error, Defendant concedes that the MDP occupation, which requires a GED reasoning level of 3, *see* Dictionary of Occupational Titles Code 249.587-018, is inconsistent with Lyons' RFC limitation to simple, routine, and repetitive tasks. The ALJ therefore had a duty to address this inconsistency before relying on the VE's testimony. *Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007). Although the ALJ asked the VE if his testimony was "consistent with the [DOT]," the ALJ's duty does not end there. (A.R. 102.) The ALJ instead must "elicit a reasonable explanation

---

[1] The Commissioner cites out-of-circuit authority finding that 10,000 was a significant number of jobs. *See Johnson v. Chater*, 108 F.3d 178, 180 (8th Cir. 1997). Because this authority is not binding in this Circuit, however, the Court finds that a remand is a wiser course of action.

- 4 -

for [a] conflict" and resolve it by "determining if the explanation . . . provides a basis for relying on the [VE] testimony rather than on the DOT information." SSR 00-4p, 2000 WL 1898704, at *2-4. The ALJ did not do so here.

The Commissioner argues that this error is harmless because the availability of a significant number of UCLP jobs provides a sufficient basis for affirming the ALJ's decision. But, as previously noted, the Court finds that the ALJ's error in assessing the number of UCLP jobs available is not harmless. Accordingly, on remand the ALJ should also take appropriate steps to resolve the conflict between the VE's testimony and the DOT's definition of the MDP position. Indeed, the record shows that 45,236 MDP positions exist across the country. (A.R. 50.) A proper resolution of the conflict between the VE's testimony and the DOT therefore could meaningfully bear on whether significant numbers of alternative jobs exist for Lyons to perform.[2]

**IT IS ORDERED** that the final agency decision is **REVERSED** and this matter **REMANDED** for further proceedings consistent with this decision. The Clerk shall terminate this case.

Dated this 2nd day of August, 2018.

Douglas L. Rayes
United States District Judge

---

[2] Lyons argues that the Court should remand for an award of benefits. Such relief is inappropriate in this case, where further proceedings quite clearly would serve a useful purpose. *See Triechler v. Comm'r of Soc. Sec.*, 775 F.3d 1090, 1100-01 (9th Cir. 2014). Not every error warrants application of the credit-as-true rule, which should be employed sparingly.

- 5 -